## HUDSON COS. v. BRIEMER.

(Supreme Court, Appellate Term.  May 27, 1912.)

1. LANDLORD AND TENANT (§ 176*)—EVICTION—EFFECT.

Where a landlord demolished a substantial portion of the inclosing walls of leased premises, exposing several rooms to the weather and rendering them uninhabitable, there was a deprivation of a substantial part of the demised premises which would constitute an actual, partial eviction.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 711; Dec. Dig. § 176.*]

2. LANDLORD AND TENANT (§ 190*)—EVICTION—EFFECT—LIABILITY FOR RENT.

Where a landlord evicts a tenant from a substantial part of the premises demised, he may remain in possession of the remainder without the payment of rent during the continuance of the eviction.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 765–769; Dec. Dig. § 190.*]

Appeal from City Court of New York, Trial Term.

Action by the Hudson Companies against Minnie Briemer, as executrix. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

See, also, 113 N. Y. Supp. 997.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Burton W. Gibson, of New York City, for appellant.

Simpson, Thatcher & Bartlett, of New York City (T. D. Thatcher and K. M. Spence, of counsel), for respondent.

SEABURY, J.  [1] This action was brought to recover rent for the months of March and April, 1907.  The defense was actual partial eviction.  The lower court directed a verdict in favor of the plaintiff for the amount claimed.  We think the learned court below erred.  The evidence adduced by the defendant disclosed that the landlord actually demolished a substantial portion of the inclosing walls of the premises demised, thus exposing several rooms in the premises to the weather, and rendering those rooms uninhabitable. This act deprived the tenant of a substantial part of the premises demised, and constituted an actual partial eviction.

[2] It is well settled that, when a landlord actually evicts the tenant from a substantial part of the premises demised, the tenant may remain in possession of the remainder, and rent is suspended while the eviction continues.  The rent sued for was suspended by the act of the landlord, and it was therefore error to direct a verdict in his favor.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.  All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes